**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYDNEY WOSBELLY LOPEZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73658 <br><br> Agency No. A071-908-420 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Sydney Wosbelly Lopez-Gonzalez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that Lopez-Gonzalez failed to establish that the one death threat he suffered rose to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). Thus, contrary to Lopez-Gonzalez's contention, he is not entitled to a presumption of future fear. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, substantial evidence supports the BIA's finding that Lopez-Gonzalez does not have a well-founded fear of persecution because he failed to demonstrate that he could not relocate within Guatemala to avoid harm. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 339 (9th Cir. 2011) (in the absence of past persecution, the burden is on the petitioner to show that relocation would be unreasonable). Accordingly, Lopez-Gonzalez's asylum claim fails.

10-73658

Because Lopez-Gonzalez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's determination that Lopez-Gonzalez was not eligible for CAT relief because he did not establish a likelihood of torture if he returns to Guatemala. *See Wakkary*, 558 F.3d at 1068.

We deny Lopez-Gonzalez's request for humanitarian and/or equitable relief. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (this court's review is limited to grounds relied upon by the BIA). We also deny his request for remand to the Executive Office of Immigration Review so that it may consider whether to exercise prosecutorial discretion. We express no opinion as to Lopez-Gonzalez's entitlement to such relief.

**PETITION FOR REVIEW DENIED.**

10-73658